IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 13-61576-CIV

**UNITED STATES OF AMERICA,**

        Plaintiff,

and

**DISABILITY RIGHTS FLORIDA, INC.,**
d/b/a Disability Rights Florida, a Florida
non-profit corporation;

        Plaintiff in Intervention,

**v.**

**THE STATE OF FLORIDA**,

        Defendant.
_____/

## DISABILITY RIGHTS FLORIDA'S MOTION TO INTERVENE

Plaintiff-Intervenor, DISABILITY RIGHTS FLORIDA, INC., d/b/a Disability Rights Florida, by and through its undersigned attorneys, move this Honorable Court to grant intervention as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, and, in the alternative, permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure. The Complaint in Intervention is attached as Exhibit A. Plaintiff-Intervenors further request that their Complaint in Intervention be deemed filed upon granting this motion and that Defendant be required to respond to the Complaint in Intervention within twenty-one (21) days. In support of their motion, Disability Rights Florida respectfully directs the Court to the following Memorandum of Law.

1

# MEMORANDUM OF LAW IN SUPPORT OF
# DISABILITY RIGHTS FLORIDA'S MOTION TO INTERVENE

## INTRODUCTION

The proposed Complaint in Intervention alleges that nearly 200 children with disabilities have been illegally segregated in institutional settings and should be moved to community placements. The United States of America filed an action against the State, seeking a declaration that the Defendant's failure to provide integrated community services violates Title II of the ADA. 42 U.S.C. § 12131 *et seq.* Further, the United States requests permanent injunctive relief requiring the Defendant to stop segregating medically fragile and medically complex children in nursing facilities and to provide these children medically necessary Medicaid services in the most integrated community setting appropriate. (Compl. 22)

Plaintiff-Intervenor, Disability Rights Florida, formerly known as the "Advocacy Center for Persons with Disabilities, Inc.," is Florida's federally funded protection and advocacy system. A protection and advocacy system is authorized by federal law to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of individuals within the State who are or who may be eligible for treatment, services, or habilitation, or who are being considered for a change in living arrangements." 42 U.S.C. § 15043(a)(2)(A)(i).[1]

---

[1] Disability Rights Florida is empowered as the protection and advocacy system for Florida by several federal statutes. These include Protection and Advocacy for Developmental Disabilities (PADD), Protection and Advocacy for Individuals with Mental Illness (PAIMI), Protection and Advocacy for Traumatic Brain Injuries (PATBI), and the Protection and Advocacy for Individual Rights (PAIR). For simplicity, since courts have uniformly applied these provisions, this Motion cites PADD throughout.

# ARGUMENT

Disability Rights Florida has a uniquely relevant interest in the subject matter of this action as system statutorily enabled to pursue remedies on behalf of individuals with disabilities. *See* 42 U.S.C. § 15043(a)(2)(A)(i).

**A. Disability Rights Florida Satisfies the Requirements for Intervention of Right**

Federal Rule of Civil Procedure Rule 24(a) provides that, upon timely application, anyone shall be permitted to intervene in an action:

> When the applicant claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(a)(2) should be liberally construed to permit intervention. *See Grubbs v. Norris*, 870 F. 2d 343, 345 (6th Cir. 1989) (*citing Stringfellow v. Concerned Neighbors,* 480 U.S. 370, 381-82 & n.1 (1987) (Brennan, J., concurring)). When an intervenor meets the following four requirements, an intervention under F. R. Civ. P. 24(a)(2) must be granted:

(1) the application to intervene is timely;

(2) the applicant has an interest relating to the property or transaction which is the subject of the action;

(3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and

(4) the applicant's interest will not be represented adequately by the existing parties to the suit.

3

*See Sierra Club, Inc. v. Leavitt,* 488 F. 3d 904, 910 (11th Cir. 2007) (*citing ManaSota-88, Inc. v. Tidwell,* 896 F. 2d 1318, 1321 (11th Cir. 1990)).  Disability Rights Florida meets each intervention requirement.

### 1.  Disability Rights Florida Offers a Timely Application for Intervention

Rule 24(a) of the Federal Rules of Civil Procedure imposes a timeliness requirement on motions to intervene, but does not specify time limits. *See id.* The determination of timeliness is addressed by examining the totality of the circumstances. *See NAACP v. New York*, 413 U.S. 345, 366 (1973).  When determining timeliness, courts generally consider the following four factors:

(1)   length of delay in seeking intervention;

(2)   prejudicial impact of such delay on the existing parties;

(3)   prejudice to the intervenor if intervention is denied; and

(4)   other factors affecting fairness in an individual case.

*See* Steven Baicker–Mckee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook 2005, Pt. III 551 (West 2005) (a brief but through discussion with relevant citations of law regarding timing issues under Rule 24).

In *Davis v. Southern Bell Tel. & Tel. Co.*, 149 F.R.D. 666 (S.D. Fla. 1993), the Southern District found that the length of delay was reasonable where the intervenor was conducting its own extensive investigation to ensure that a sufficient factual foundation existed. *See id.*, at 669. Like in *Davis*, Disability Rights Florida felt it necessary to complete its own extensive investigation prior to intervening in this action. That investigation consisted of monitoring visits to three of the pediatric nursing facilities in the state.  Having completed its own investigation,

4

Disability Rights Florida now promptly moves to intervene. Accordingly, the first factor supports intervention.

The above-styled action was filed on July 22, 2013 and very little activity has occurred. No discovery has occurred, no scheduling conference, and no dispositive motions have been filed. An early stage intervention will not prejudice either party or unduly delay the trial. In fact, the additional information gathered through Disability Rights Florida's investigation will aid the court in reaching a decision. Consequently, no prejudicial impact will be borne by any party, satisfying the second intervention factor.

In fact, the prejudice inflicted on Disability Rights Florida without intervention argues for that intervention to be permitted. *See Stallworth v. Monsanto Co.,* 558 F. 2d 257, 265-66 (5th Cir. 1977). Disability Rights Florida, as the federally mandated protection and advocacy agency for the state of Florida, has a unique interest in ensuring the rights of Florida citizens with disabilities. A protection and advocacy system is empowered by several federal laws that provide access authority and investigative powers that others involved in this matter do not possess. Disability Rights Florida has used this federal mandate in the past to advocate in various ways for the integration of numerous groups of persons with disabilities. Without intervention, the state's protection and advocacy system is relegated to an observer status with very little influence on the policies that it has fought over the years to affect.

The totality of the circumstances shows that Disability Rights Florida's intervention is timely; thus, the first requirement for intervention has been met.

    **2.**    **Disability Rights Florida Has an Interest in the Subject Matter of the Action**

To fulfill the second requirement for intervention as of right, Disability Rights Florida must have "an interest relating to the property or transaction which is the subject of the action."

*Chiles v. Thornburgh*, 865 F. 2d 1197, 1213-14 (11th Cir. 1994) (where detainees sought to intervene, the court determined that their interest need not, "be of a legal nature identical to that of the claims asserted in the main action."). Intervention is appropriate if the party has "a direct, substantial, legally protectable interest in the proceedings." *Worlds v. Department of Health and Rehabilitative Serv.*, 929 F. 2d 591, 594 (11th Cir.1991). *See also Georgia v. United States Army Corp of Eng'rs*, 302 F. 3d 1242, 1249 (11th Cir. 2002). The court should look to the litigation subject matter when determining whether Disability Rights Florida possesses the requisite interest for intervention purposes. *See Georgia*, 302 F. 3d at 1251 ("For intervention purposes, Florida's interests 'need not, however, be of a legal nature identical to that of the claims asserted in the main action.'" *Id*. (quoting *Chiles* 865 F.2d at 1214)).

      While Disability Rights Florida and the current Plaintiff ultimately seek the same remedy, the resources and perspectives that Disability Rights Florida offers as an intervenor are unique. Disability Rights Florida is Florida's federally funded protection and advocacy system, and is authorized by federal law to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of individuals within the State who are or who may be eligible for treatment, services, or habilitation, or who are being considered for a change in living arrangements[,]" *See* 42 U.S.C. § 15043(a)(2)(A)(i). A protection and advocacy system has strong access authority, especially with respect to facilities in the state, and is empowered to investigate abuse, neglect and rights violations. The practice of the State with respect to institutionalization of children in nursing homes falls squarely under that mandate. Disability Rights Florida has a direct, substantial, and legally protectable interest in the case and, thus, an interest by definition. Therefore, Disability Rights Florida satisfies the second requirement.

3.     **Without Intervention, Disability Rights Florida Suffers Impairment of Ability to Protect Its Interest**

To claim intervention as of right, Disability Rights Florida must show that the disposition of the action may impair or impede Disability Rights Florida's ability to protect its interest. The determination of whether a party is "impaired or impeded" is not independent from the determination of whether the party possesses an interest or claim. *See Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Comm'n.*, 578 F. 2d 1341, 1345 (10th Cir. 1978). Specifically, if an intervenor has a legal interest in a claim, then it follows that a decision would potentially impair the intervenor's interest.

Rule 24 refers to impairment as a "practical matter"; the determination of impairment does not hinge solely on legal matters. Consequently, a decision that has (or would have) *res judicata* power clearly has a potential impairment on an intervenor's interest. *See Sam Fox Pub. Co. v. U.S.*, 366 U.S. 683 (1961). However, a decision could present a potential impairment to a party's interest even without preclusive effect simply because of *stare decisis* and the damaging effects of a negative decision. *See id*.

This "impairment" bar is traditionally low, and if the court finds that Disability Rights Florida has an interest in the subject of the action, then it follows that Disability Rights Florida would be potentially impaired or impeded by the disposition of the case. If the plaintiff loses, then it is possible that res judicata would bar any further action by Disability Rights Florida on this issue. In the event of an adverse outcome, Disability Rights Florida would be precluded from bringing lawsuits on behalf of other constituents with similar claims. Or alternatively, even if Disability Rights Florida is not claim-barred, further litigation would be made more difficult because future judges would be constrained by the operation of *stare decisis*.

Accordingly, the third requirement supports Disability Rights Florida's intervention as of right.

### 4. Adequacy of Representation by Existing Parties

Finally, a potential intervenor must show that existing parties might not provide adequate representation of the intervenor's interest. "The proposed interveners' burden to show that their interests *may* be inadequately represented is minimal." *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,* 983 F. 2d 211, 216 (11th Cir. 1993) (emphasis in original), *citing Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972). Likewise, "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed interveners because it allows the court to resolve all related disputes in a single action." *See Id. citing Sierra Club*, 960 F. 2d 83, 85 (8th Cir. 1992).

Disability Rights Florida's interest is ultimately much broader than that of the original Plaintiff. It is possible—possible being the required threshold—that the Plaintiff could arrange a settlement that would limit relief for Disability Rights Florida's other constituents. This satisfies the fourth requirement.

As all four requirements have been met, Disability Rights Florida respectfully posits that intervention as a matter of right must be granted.

### B. Disability Rights Florida Satisfies the Requirements for Permissive Intervention Under Fed. R. Civ. P. 24(b)(1)(B)

Should the court determine that Disability Rights Florida has not met the criteria for intervention as of right, then the Rule 24(B)(1) of the Federal Rules of Civil Procedure provides for permissive intervention and states in relevant part:

8

    (1)    *In General*.  On timely motion, the court may permit anyone to intervene who:

. . .

    (B)    Has a claim or defense that shares with the main action a common question of law or fact.

. . .

    (3)    In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.  *Id.*

In order to permissively intervene, a party must show that:

(1) application was timely;

(2) the potential intervenor's claim or defense and the main action have a common question of law and fact; and

(3) the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

*See Armor Screen Corp. v. Storm Catcher, Inc*., No. 07-81091-Civ., 2008 WL 5746938, at 6 (S.D. Fla., Nov. 10, 2008); *see Ingebretsen v. Jackson Pub. Sch. Dist*., 864 F. Supp. 1473, (S.D. Miss. 1994), *affirmed,* 88 F. 3d 274, *cert. denied,* 519 U.S. 965 (1996). A court exercises broad discretion when determining whether to grant a motion for permissive intervention. *See* Fed. R. Civ. P. 24(b)(1) & (3). *See also Worlds,* 929 F. 2d at 594.  Disability Rights Florida requests that the court exercise that broad discretion in this case.

### 1. Timeliness

As discussed above, timeliness is a threshold matter that must be met before Disability Rights Florida may permissively intervene. *See NAACP*, 413 U.S. at 365. Based upon the arguments set forth in Part II.A.1, which apply equally to this permissive intervention, Disability Rights Florida's motion is timely, satisfying the first requirement.

### 2. Common Question of Law and Fact

To grant permissive intervention, a court must determine whether "the applicant's claim or defense and the main action have a question of law or fact in common." *Stallworth*, 558 F. 2d at 269.  After this requirement is met, the court can then exercise its discretion in deciding whether to allow intervention. *Id*.  Disability Rights Florida's Complaint in Intervention asserts the same causes of action as does the Complaint filed by the United States.  While the arguments are similar with respect to the law; they do differ in the facts asserted by Disability Rights Florida.  Disability Rights Florida has advocated for individuals in these facilities, administratively represented  those fighting nursing hour reductions in the community, and therefore has a different perspective than does the United States.  Additionally, Disability Rights Florida has spent approximately one year investigating the facilities, utilizing staff as well as an expert to conduct monitoring visits to the nursing homes.

### 3. Undue Delay

As with each element in permissive intervention, courts have discretion in interpreting undue delay. None of the delays caused by the intervention will unduly prejudice the original case.  Quite the contrary, Disability Rights Florida's investigation will shed considerable light on the facts in this case.

## CONCLUSION

Based upon the foregoing, Disability Rights Florida requests that this Court:

1. Grant intervention as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, or

2. In the alternative, permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.

3. Further, Disability Rights Florida requests that their Complaint in Intervention be deemed filed upon granting this motion and that Defendant be required to respond to the Complaint in Intervention within twenty-one (21) days.

DATE: 09/05/2013                                Submitted,

**Disability Rights Florida, Inc.**

BY: _____

David A. Boyer
Florida Bar No. 90917
*DavidB@DisabilityRightsFlorida.org*
1930 Harrison Street, Suite 104
Hollywood, Florida 33020-7050
Phone: (850) 488-9071
Fax:    (850) 488-8640

Amanda Heystek
Florida Bar No. 285020
AmandaH@DisabilityRightsFlorida.org
1000 N. Ashley Dr., Suite 640
Tampa, FL  33602
Phone: (850) 488-9071
Fax:    (850) 488-8640

Molly Paris
Florida Bar No. 90486
MollyP@DisabilityRightsFlorida.org
1930 Harrison Street, Suite 104
Hollywood, Florida 33020-7050

Phone: (850) 488-9071  
Fax:    (850) 488-8640

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was furnished by US Mail, facsimile, and CM/ECF this 5th day of September, 2013 to the following:

Travis W. England
Beth A. Esposito
H. Justin Park
Joy Levin Welan
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW –NYA
Washington, D.C.  20530
O: 202-307-0663; F: 202-307-1197
Email: travis.england@usdoj.gov

Veronica Harrell-James
Assistant United States Attorney
99 N.E. 4th St.
Miami, FL 33132
O: 305-961-9327; F: 305-530-7139
Email: veronica.harrell-james@usdoj.gov

Stuart F. Williams
Leslei G. Street
Andrew T. Sheeran
Agency for Health Care Administration
2727 Mahan Dr., MS #3
Tallahassee, FL 32308
O: 850-412-3630; F: 850-921-0158
Email:
  Stuart.williams@ahca.myflorida.com
  Leslei.street@ahca.myflorida.com
  Andrew.sheeran@ahca.myflorida.com

George N. Meros, Jr.
Andy Bardos
GrayRobinson, P.A.
PO Box 11189
Tallahassee, FL  32302-3189
O: 850-577-9090; F: 850-577-3311
Email:
  George.meros@gray-robinson.com
  Andy.bardos@gray-robinson.com