UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 13-61576-CIV-ROSENBAUM/HUNT**

A.R., by and through her next friend,
Susan Root, *et al.*,

    Plaintiffs,

v.

ELIZABETH DUDEK, in her official
capacity as Secretary of the Agency
for Health Care Administration, *et al.*,

    Defendants.
_____/

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THE STATE OF FLORIDA,

    Defendants.
_____/

**ORDER ON MOTION TO INTERVENE**

      This matter is before the Court on Disability Rights Florida, Inc.'s Motion to Intervene [ECF No. 13]. The Court has reviewed the Motion, Defendant State of Florida's Response in Opposition [ECF No. 25], the Reply in Support of the Motion to Intervene [ECF No. 26], and the case file. After careful consideration, the Motion to Intervene is denied for the reasons stated below.

### I.  Background

On July 22, 2013, the United States of America, through the Department of Justice, brought a single-count action against the State of Florida for violations of Title II of the Americans with Disabilities Act of 1990 ("ADA").  *See* ECF No. 1.  The Complaint alleges that nearly two-hundred children with disabilities are unnecessarily segregated in various nursing facilities, far from their communities.  *Id.* ¶¶ 1-5.  The Complaint further asserts that the State of Florida has reduced private-duty nursing and personal-care services provided to children who live in the community.  Following a six-month investigation, the Department of Justice ("DOJ") brought the action because it determined that the State of Florida (the "State") was in violation of the ADA, 42 U.S.C. §§ 12131-12134, because it unjustifiedly segregated institutionalized children, and it adopted policies and practices that place other children with disabilities at serious risk of similar institutionalization.  *See id.* ¶ 5.  According to DOJ, it made several attempts to resolve the alleged violations, but, after engaging in negotiations with the State, DOJ determined that compliance could not be achieved voluntarily.  *Id.*  Consequently, on July 22, 2013, on behalf of the affected children, the United States filed the instant action seeking injunctive and declaratory relief as well as compensatory damages (the "DOJ Action").  *See* ECF No. 1.

Prior to the filing of the DOJ Action, in March of 2012, various children, who have been diagnosed as "medically fragile" and who qualify for services through Florida's Medicaid program, filed a class-action lawsuit against certain State of Florida agency heads as well as against eQHealth Solutions, Inc., the non-profit corporation that has contracted with the State of Florida to provide prior authorization of home health services.  The lawsuit is styled *A.R. et al. v. Dudek et al.*, Case No. 12-CV-60460 (S. D. Fla.) (the "Children's Case").  The plaintiffs in the Children's Case

brought claims similar to those made by DOJ — claims for violations of the ADA. The Children's Case also alleged additional claims[1] and sought a declaration by the Court that the State's and eQHealth's policies, regulations, actions, and omissions are unnecessarily institutionalizing members of the Plaintiff class or putting Plaintiffs at risk of being placed into segregated facilities. *See A.R. v. Dudek*, Case No. 12-60460 at ECF No. 62. In the Children's Case, Plaintiffs are represented by both a private attorney and attorneys from non-profit organizations such as the North Florida Center for Equal Justice, and the Florida State University College of Law Public Interest Law Center. *See id.* After various pre-trial litigation had ensued, Plaintiffs in the Children's Case filed a Motion to Consolidate Cases with the DOJ Action. *See A.R. v. Dudek*, Case No. 12-60460 at ECF No. 192. Determining that the DOJ Action and the Children's Case involved common, complex issues of fact and law, this Court granted the Motion to Consolidate on December 6, 2013. *See* ECF No. 34.

Prior to consolidation of these cases, Disability Rights Florida, Inc., sought to intervene as a Plaintiff in the DOJ Action. After the Cases were consolidated in December 2013, the Court issued an Order directing Disability Rights Florida, Inc., to indicate whether it wished to proceed with its Motion to Intervene in light of the consolidation of the cases. *See* ECF No. 36. Disability Rights Florida, Inc., responded to the Order, indicating that it wished to proceed with its Motion to Intervene. *See* ECF No. 38.

---

[1] For example, in the Children's Case, Plaintiffs alleged violations of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Medicaid Act, 42 U.S.C. §§ 1396-1396v; the Nursing Home Reform Amendments to the Medicaid Act, 42 U.S.C. § 1396r; Early and Periodic Screening, Diagnostic, and Treatment Services, 42 U.S.C. § 1396d(r) provisions; and 42 U.S.C. § 1983.

### III.  Discussion

Nearly a year and a half into the original litigation in the Children's Case, Disability Rights Florida, Inc., Florida's federally funded protection and advocacy system, seeks to intervene as of right under Rule 24(a), Fed. R. Civ. P., in the DOJ Action.  In the alternative, it requests permissive intervention under Rule 24(b), Fed. R. Civ. P.  *See* ECF No. 13.  For the reasons that follow, Disability Rights Florida, Inc.'s Motion to Intervene is denied.

### A.  Intervention of Right

Rule 24(a), Fed. R. Civ. P., provides for intervention of right on a timely motion to anyone who

>   (1)   is given an unconditional right to intervene by a federal statute; or
>
>   (2)   claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Where no federal statute bestows an unconditional right to intervene, a would-be intervener must demonstrate the following four prerequisites: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair the intervener's ability to protect that interest; and (4) the intervener's interest will not be represented adequately by the existing parties in the lawsuit.  *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007).  Without conceding the first three requirements, the State opposes the Motion solely on the ground that Disability Rights Florida's interests are

adequately represented by the existing parties to the litigation. *See* ECF No. 25 at 2, n. 1. Consequently, the Court addresses only the fourth factor and concludes that the existing parties adequately represent Disability Rights Florida's interests.[2]

The Eleventh Circuit "presume[s] adequate representation when an existing party seeks the same objectives as the would-be interveners." *Sierra Club*, 488 F.3d at 910. This presumption, although weak, imposes on the applicant for intervention the burden to come forward with evidence that its interests are not adequately represented by the existing parties. *Id.*; *United States v. City of Miami*, 278 F.3d 1174, 1178 (11th Cir. 2002) (finding that party who seeks to intervene as a matter of right "must overcome a presumption — that it is adequately represented — that arises 'when applicants for intervention seek to achieve the same objectives as an existing party in the case.'") (quoting *Meek v. Metropolitan Dade County,* 985 F.2d 1471, 1477 (11th Cir.1993)); *see also Fed. Sav. and Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

Here, Disability Rights Florida admits that it seeks the same remedy as DOJ. *See* ECF No. 13. And, although its Complaint includes additional facts that result from its own investigation, Disability Rights Florida's proposed complaint contains the same claims brought by DOJ and Plaintiffs in the Children's Case. The proposed Complaint also seeks the same relief sought by the parties to the pending action. *See Sierra Club*, 488 F.3d at 910 (finding that the attempted intervener

---

[2] Although the Court denies the pending motion on other grounds, it briefly examines the timeliness element. Disability Rights Florida contends that its attempt to intervene is timely, attributing any delay in filing to the fact that it was conducting its own investigation into the matter at issue. Disability Rights Florida fails, however, to recognize the potential prejudice imposed upon the existing parties to the litigation. Litigation with respect to the issues presented in this action began in March of 2012 with the initiation of the Children's Case. Taking into consideration the litigation as a whole, various dispositive motions have been filed as well as other pre-trial litigation.

had adopted the defendant's brief in its entirety and did not suggest that its position was in any way different from the defendant's).  DOJ, however, seeks specific, additional relief, not sought by Disability Rights Florida, such as compensatory damages for the alleged harmed children as well as detailed injunctive relief.  Under these circumstances, where the parties share the same objective, Disability Florida Rights bears the burden to come forward with evidence demonstrating that the United States will not adequately represent its interest in these proceedings.

In an attempt to meet its burden, Disability Rights Florida argues only one point — that it is possible that DOJ could elect to settle the matter, thus limiting relief for Disability Rights Florida. Mere speculation that a claim may be settled, however, "fails to demonstrate that intervention . . . is warranted." *Williams Island Synagogue, Inc. v. City of Aventura*, 222 F.R.D. 554, 556-57 (S.D. Fla. 2004) (finding speculative the argument that the defendant could choose to settle the litigation); *see also Sierra Club*, 488 F.3d at 911 (denying intervention because no claim or defense was suggested which was not asserted by parties already in the action and finding that nothing in the record supported the suggestion that the case was more likely to settle).

The only other argument advanced by Disability Rights Florida to support intervention of right is its claim that it represents a "much broader" interest than that of Plaintiff DOJ.  This argument is also unpersuasive.  Both the original Plaintiffs to the action in the Children's Case, and Plaintiff DOJ seek remedies applicable to all disabled children similarly situated.  The Court cannot conclude that the interests of one advocacy group are substantially broader than those of individual plaintiffs seeking class certification, several other public interest groups, and the United States Department of Justice.

For the foregoing reasons, Disability Rights Florida cannot meet its burden to demonstrate

that its interests are not adequately represented by the existing parties to the instant litigation. Accordingly, intervention of right is not warranted.

### B.  Permissive Intervention

A district court may permit a party to intervene when the party

> (1)  is given a conditional right to intervene by a federal statute; or
>
> (2)  has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1).  Even when a party has a claim that shares common questions of law or fact with the main action, or the requirements of Rule 24(b) are otherwise met, the Court may refuse to allow intervention because permissive intervention is "wholly discretionary with the court." *See Does v. United States*, 817 F. Supp. 2d 1337, 1344 (S.D. Fla. 2011) (citing *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1246 (11th Cir. 2006)); *see also Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364 (11th Cir. 1982).  Rule 24(b)(3) instructs that when "exercising its discretion, the court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Although Disability Rights Florida's claims include questions of law and fact that are common to the pending lawsuits, the State argues that the Court should exercise its discretion and decline the request to intervene because intervention would impede the litigation by increasing the number of attorneys, encourage duplicative discovery, and render it "exponentially more difficult to reach agreements and to manage the litigation in an efficient and streamlined manner." *See* ECF No. 25 at 6.  Disability Rights Florida, on the other hand, claims that none of the delays caused by intervention will unduly prejudice the original case. *See* ECF No. 13 at 10.  Instead, it claims in a

conclusory fashion that Disability Rights Florida's investigation will "shed considerable light on the facts of this case." *Id.*

After consideration, the Court declines to exercise its discretion to allow Disability Rights Florida to intervene in this matter. Such intervention will likely cause undue prejudice to the parties in this already lengthy and complex action. The case is already well into pre-trial litigation, with the original parties appearing at a motion for class certification and with dispositive motions having already been filed. *See Athens Lumber Co.*, 690 F.2d at 1367 ("Because the introduction of additional parties inevitably delays proceedings . . . we cannot say that the district court abused its discretion in denying intervention."). Moreover, Disability Rights Florida brings the same claims on behalf of the same adversely affected parties, so allowing it to intervene will merely increase the number of parties and attorneys to this already complex litigation without adding any articulable benefit.

As noted above, Disability Rights Florida can present no evidence that the claims it seeks to bring are not already adequately represented by the existing parties. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1215 (11th Cir. 1989) ("The duplicative nature of the claims and interests [asserted] threatens to unduly delay the adjudication of the rights of the parties in the lawsuit and makes it unlikely that any new light will be shed on the issues to be adjudicated."). And Disability Rights Florida's conclusory claim that its investigation of the alleged noncompliant facilities may shed further light on the issues presented is alone insufficient to persuade this Court to allow further delay in this already lengthy litigation. For these reasons, the Court denies Disability Rights Florida's motion for permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure.

### C.  Request to File Amicus Curie Briefs

But, the Court does not wish to deny Disability Rights Florida a voice, nor does it seek to extinguish any potential value that its independent investigation into the matter may bring.  A district court has the inherent authority to appoint an *amicus curiae*, or "friend of the court."  *See Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991) (discussing how other courts have approved the use of *amicus* appearances in lieu of intervention).  An *amicus* is not a party to the litigation, but rather participates for the benefit of the court only.  *Id.; see also News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30 (S.D. Fla. Nov. 23, 1988).  It is within the discretion of the court to determine whether an *amicu*s may appear and the extent and manner of participation by the *amicus*.  *Stuart*, 764 F. Supp. at 1501.  Although the Court denies the Motion to Intervene, in light of Disability Rights Florida's demonstrated interest in this case, if Disability Rights Florida wishes to participate in these proceedings, it may seek permission to file *amicus curiae* memoranda as they become relevant.

### IV.  Conclusion

For the foregoing reasons, Disability Rights Florida, Inc.'s Motion to Intervene. [ECF No. 13] is **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 4th day of April 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record